ANTHONY AULISIO et al., Plaintiffs, *v.* CALIFORNIA OIL COMPANY, Defendant, and P. S. POTTER & SONS, INC., Defendant and Third-Party Plaintiff. RAYMOND J. BUNORA et al., Third-Party Defendants.

Supreme Court, Special Term, Ulster County, May 10, 1952.

*Cook & Cook* for Fidelity and Casualty Company of New York, third-party defendant.

*Abraham Streifer* for defendant and third-party plaintiff.

TAYLOR, J. The second third-party defendant pursuant to rule 106 of the Rules of Civil Practice moves to dismiss the complaint of the third-party plaintiff for legal insufficiency. The gravamen of the original complaint is negligence upon a claim that the defendants, including the third-party plaintiff, in violation of their duty to construct, maintain, inspect and repair pumps, tanks and equipment located on the plaintiffs' premises caused leaks or breaks to develop which permitted gasoline and gasoline fumes to seep and percolate into, upon and through the premises of the plaintiffs with resultant damage to their well and plumbing system. By stipulation of all the parties paragraph numbered 7 of the complaint was recently amended as follows: " That on or about September 24, 1948, and for a long time prior thereto and continuing until, during or about the month of March, 1949, the defendants so improvidently, negligently, carelessly and unlawfully constructed, maintained, inspected and repaired said gasoline tanks, pumps and other equipment so as to cause one or more leaks or breaks to develop in at least one of the said tanks and/or pumps and/or in said other equipment and thereby gasoline and gasoline fumes escaped therefrom in large quantities to such an extent that the soil in the surrounding area became permeated with gasoline and gasoline fumes. That during and about said period the defendants so negligently and carelessly made delivery or deliveries of gasoline to the tanks and equipment on the plaintiffs' premises as to cause the same to overflow and otherwise spill onto and into the ground in large quantities and the said gasoline was so negligently pumped or siphoned from the defendants' trucks, tank trucks, and other equipment, while on plaintiffs' premises as to cause the same to spill onto and into the ground in large quantities by reason of which the soil in the surrounding area became permeated with gasoline and gasoline fumes."

The third-party plaintiff has served on the second third-party defendant a cross complaint in which it alleges that in or about the month of April, 1947, those parties entered into an agreement in the form of an automobile liability insurance policy whereby the second third-party defendant agreed to indemnify and save harmless the third-party plaintiff of any and all liability for damage to person or property incurred by the third-

party plaintiff by reason of the operation of certain motor vehicles therein described and to pay any judgments rendered against it by reason of such operation. The carrier has refused to defend the action after demand that it do so.

The insurance contract provides as follows: " 11. ACTION AGAINST COMPANY — *Coverages A and B*. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.

" Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. *Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability."* (Italics supplied.) The plain language of the italicized sentence can only be construed to have been intended by the parties to the contract to prohibit the use of third-party practice between the insured and the insurer. An identical provision was construed in *Litman* v. *Garfinkle* (193 Misc. 256). There the Special Term held that the statute (Civ. Prac. Act, § 193-a) was procedural in scope, did not involve fundamental public policy and could be and was waived by the agreement of the parties. With that reasoning and that result I agree.

The cases relied on by the third-party plaintiff are distinguishable. In *Lecouna Cuban Boys* v. *Kiamesha Concord* (276 App. Div. 808) the order which permitted service of the cross complaint on an insurance carrier was affirmed by the Appellate Division of this department on the ground that all of the issues were related and could be disposed of in one action. The record on appeal discloses no provision in that policy of insurance which, as here, waived the right of the insured to implead the insurer. The quoted portion of the policy which was construed in *Judy Negligee* v. *Portnoy* (194 Misc. 508) contained no provision which prohibited the use of third-party practice as does the policy in the case at bar. In *Brooklyn Yarn Dye Co.* v. *Empire State Warehouses Corp.* (88 N. Y. S. 2d 621, affd. 276 App. Div. 611) the provision of the contract of insurance (condition F thereof) was that " ' No action shall lie against the company unless the assured shall have fully complied with all

the conditions hereof, nor until the amount of the assured's obligation to pay shall have been finally determined either by judgment against the assured after actual trial or by written agreement of the assured, the claimant, and the company ' ' ". The Appellate Division by a divided court affirmed the Special Term and said (p. 613): " Upon the policy as a whole, Condition F is sufficiently doubtful, indefinite and inconclusive to warrant construction against appellant [citing case]. Had condition F been intended to prohibit either declaratory judgment action or *third-party practice by the assured, it should have so stated* [citing case]." (Italics supplied.) A more workmanlike job which clearly expressed the intent of the parties so to do, the decision implies, would have prohibited the use of third-party practice. (*Birnbaum* v. *Jamestown Mut. Ins. Co.*, 298 N. Y. 305, 313.) The policy provision here expresses that intent without ambiguity.

The motion to dismiss the third-party complaint is granted, without prejudice, and with $10 costs.

Submit order.