Matthew M. Levy, J.
These two matters may well be considered together, although all but one of the parties are strangers to each other, many of the basic facts in one action are not the same as in the other, and the relief requested in each is different. That the Massachusetts Bonding and Insurance Company is involved in both eases and that an identical policy of indemnity insurance written by it is the subject of controversy in each case justifies this joint approach to the legal problems presented.
In the first-named action, Jesse E. Kahn, Inc., sued Giamboi Bros., Inc., among others, to recover damages for injury to the plaintiff Kahn’s property. By way of a third-party proceeding, in pursuance of section 193-a of the Civil Practice Act, Giamboi impleaded Massachusetts Bonding and Insurance Co., upon a policy of indemnity insurance, alleging that, although the insurance company had agreed to defend Giamboi in the action instituted by Kahn, the insurer thereafter disclaimed liability, and that Giamboi was obliged to engage other counsel and incur expense, for which the insurance company should, under the policy, make Giamboi whole. Alleging further that if the plaintiff Kahn succeeds in the action against Giamboi, the insurance company will be liable under the policy to Giamboi for the payment of the judgment, the latter demands recovery over against the company as provided in the impleader statute.
In the second-named action, the plaintiffs Catino, invoking section 473 of the Civil Practice Act, seek a declaration of the rights of the parties under a policy of insurance issued to the plaintiffs by the defendant Massachusetts Bonding and Insurance Co. The complaint here substantially alleges the following: An action was instituted by a laborer, one Robert Bory, against Diesel Construction Co., a general contractor, to recover damages *408 for personal injuries suffered as a result of the general contractor’s claimed failure to comply with the Labor Laws and for negligence in failing to cover a hole in the floor of certain premises under construction, and on which Bory was working. Diesel in turn (in pursuance of Civ. Prac. Act, § 193-a) impleaded the plaintiffs Catino as its subcontractors on the job, alleging in the third-party complaint that the agreement between the contractors (general and sub) provided for indemnification by the subcontractor to the general contractor for personal injuries to any person arising out of the former’s performance on the job. Diesel’s asserted basis for recovery over against the plaintiffs, as alleged in the third-party complaint, is that the latter breached the contract and failed to build barriers at various openings and failed to supply lumber therefor. The plaintiffs Catino, as third-party defendants, thereupon demanded that the defendant insurer defend the third-party action under the provisions of the policy. The insurance company refused to defend on the ground that its policy does not cover the cause of action pleaded in the third-party complaint. Besides alleging due performance on their part, the plaintiffs assert that they have no adequate remedy at law and seek a declaratory judgment as to the defendant’s obligation to defend the third-party action. Reference is made in the present pleading to the original complaint and the third-party complaint, copies of which are annexed to the present pleading and made part thereof.
In the Kahn case, the insurance company — as third-party defendant — moves under subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the third-party complaint against it for alleged failure to state a cause of action. In the Catino case, the insurance company — as. defendant-in-chief — moves to dismiss the complaint against it on the ground of insufficiency pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. In both instances, the moving party relies on Condition No. 8 of the policy, contending that by its terms the policy precludes any action thereon against the insurer until the assured’s liability to pay has been finally determined by a judgment against the assured. The provision involved reads as follows:
8. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with ail of the terms of this policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company. Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover *409 under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the company as a codefendant in any action against the insured to determine the insured’s liability. Bankruptcy or insolvency of the insured or of the insured’s estate shall not relieve the company of any of its obligations hereunder.
While the issue in the first case does not appear to have been passed upon by the Court of Appeals or by the Appellate Division in this department, the moving party’s objection to being impleaded has been passed upon by the Appellate Divisions in the second and third departments. It has been held that such a provision as is contained in Condition No. 8 does not operate to prevent the insured from impleading the disclaiming insurance company under section 193-a. (See Adelman Mfg. Corp. v. New York Wood Finisher’s Supply Co., 277 App. Div. 1117 [2d dept., Dec., 1950]; Brooklyn Yarn Dye Co. v. Empire State Warehouses Corp., 276 App. Div. 611 [2d dept., April, 1950], motion for leave to appeal denied 277 App. Div. 796; Lecouna Cuban Boys, Inc., v. Kiamesha Concord, Inc., 276 App. Div. 808 [3d dept., Nov., 1949], motion for leave to appeal denied 276 App. Div. 940.) I also so hold; and at this point I think it should be noted that the third-party defendant has not moved, in pursuance of subdivision 4 of section 193-a, to dismiss the third-party complaint as a matter of discretion. There is no claim by the insurer that, if the third-party complaint is permitted to stand, prejudice would result. The insurer has proceeded here, as I have said, under subdivision 4 of rule 106 of the Rules of Civil Practice, to dismiss the pleading as a matter of law “ for failure to state facts sufficient to constitute a cause of action ”. As such, the motion is denied. In so holding, I do not say that the third-party procedure thus invoked is completely adequate to effectuate the relief needed in the premises; I hold merely that it is permissible to utilize that procedural device in these circumstances. My thoughts in that respect are made plain as I now consider the motion of the defendant Massachusetts Bonding and Insurance Company to dismiss the complaint of the plaintiffs Catino, in which action the prayer is for a declaratory judgment in pursuance of section 473 of the Civil Practice Act — the other statutory technique involved here.
No precedent has been cited by counsel to support or defeat the utilization of an action for a declaratory judgment in a situation such as this, and I myself have been unable to find any, although I note a dictum in the affirmative in the majority opinion in the Brooklyn Yarn Dye Co. case (276 App. Div. 611, *410 612-613, supra). Viewing the problem as an original proposition, I have come to the conclusion that a complaint under section 473 of the Civil Practice Act should, without quéstion, be able to withstand the attack of insufficiency directed against it when such attack is grounded solely upon Condition No. 8 of the policy.
In my view, if the insurance company is to be permitted, on its own, to disown responsibility under the policy vis-a-vis the assured — • until after claim by the injured, investigation, preparation, trial and judgment against the assured (in short, until after the damage to the assured may have been done) —the company should have made that unmistakably clear and explicit in the policy it issued to the assured. Condition No. 8 certainly does not do that. "When read as a whole, this clause contemplates, I think, a situation where suit is instituted against the insurer, not by the assured, but rather by the person whom the assured has allegedly injured. In any case, the most that can be said 'in the insurer’s behalf is that, while this clause may not clearly permit a suit by the assured without hindrance because of the specified conditions precedent, it is somewhat ambiguous. If so, it is a recognized principle of law that the contract is to be construed against the insurer as the draftsman of the contract.
It is urged by the defendant insurer in support of its motion to dismiss the complaint in the Catino case that a declaratory judgment is unnecessary in that the plaintiffs assureds may obtain relief by impleading the insurer under section 193-a of the Civil Practice Act. This, like unto Alice in Wonderland, seems “ curiouser and curiouser ” to me, because (as has been seen in the Kahn case) this same defendant (there an impleaded third-party defendant) vigorously urged that the impleader statute could not be invoked in view of the policy condition. Whatever may be the correct interpretation of the type of policy provision here involved and its impact upon section 193-a of the Civil Practice Act, the Catino action, it seems to me, is clearly outside the claimed preclusion of such clause. I hold that not only does the provision relied on not preclude the assureds from impleading the insurer, but, a fortiori, it does not prevent them from obtaining in a proper case a judicial declaration of the rights of the parties under the policy. Indeed, in the latter instance, the plaintiffs do not seek a recovery-over for, nor do they demand payment by the insurer of, any sum in which the assureds may be cast in damages at the hands of the injured plaintiff.
*411 I recognize, of course, that “ [i]f, in the opinion of the court, the parties should be left to relief by existing forms of action, or for other reasons, it may decline to pronounce a declaratory judgment * * * ” (Rules Civ. Prac., rule 212). But, in such case, it is my view that the other form of action to which the parties are to be relegated should be as complete, as adequate and as equally serviceable as the declaration available in pursuance of section 473 of the Civil Practice Act. It is clear to me that the third-party procedure permissible under section 193-a of the Civil Practice Act is not as effective a remedy as the device of a declaratory judgment to establish the respective rights of insured and insurer under the policy contract and to determine the conflicting issues at a time when their resolution will do the most good. Certainly, where coverage and obligation are asserted on the one hand, and disclaimer is projected on the other, the determination as to who is right ought, if possible, to be made entirely in advance of the freezing of the processes, problems and issues by way of other types of litigation (cf. Bentrovato v. Crinnion, 206 Misc. 648, 651-652). Concededly, the assureds bought and paid for some kind of indemnity coverage. They should be entitled to invoke the equitable and protective remedy of a declaratory judgment in order to ascertain promptly whether they got what they thought they had purchased— as against the desire of the insurer to postpone the day of ultimate decision, and thus, perhaps, to add to the grief of the policyholders and because of that grief to enable the insurance company to escape from its liability as indemnitor at less cost. All in all, a holding of permissibility of an action under section 473 will, I believe, facilitate the administration of justice and aid in its rendition. While (as I have held) the impleader statute may properly be invoked by the assured against the insurer — in the suit by the injured against the assured — I do not conceive that the availability of this remedy is a bar to the utilization of an independent action for a declaratory judgment instituted by the assured against the insurer.
However, while the defendant-insurer does not pointedly attack the Catino action upon the ground that the third-party complaint pleaded by Diesel sets out a cause of action not covered by the policy, it appears that the Catino complaint alleges that the insurer disclaims because the policy covers claims grounded upon negligence, and not upon breach of contract — and that this case is of the latter kind. Clearly, the Catinos, the third-party defendants, could be held liable to *412 Diesel, the general contractor, either if the negligence of the third-party defendants was the primary cause of Bory’s accident, or if they agreed to indemnify the general contractor against their negligence irrespective of such basic causation, or if they had not performed a contractual duty with respect to which they had obligated themselves to the general contractor. Not in all of such situations would the insurer be bound to defend and indemnify under the policy here involved. The third-party complaint does not now allege that Bory’s injuries arose out of the primary negligence of the third-party defendants or that the latter breached any legal duty owed to Bory or to Diesel, the third-party plaintiff. In the instant situation, it is alleged in the Catino complaint against the insurance company that the plaintiffs, as third-party defendants, are liable to Diesel, the third-party plaintiff, because of a breach of contract, in that the third-party defendants (plaintiffs here) failed to erect barriers at various floor openings or to furnish needed lumber therefor. By attaching the third-party complaint to their own complaint and referring thereto, the third-party pleading is made part of the Catino cause of action, and the third-party complaint obviously is presently predicated on the theory that the third-parties’ liability is based on their failure to perform the work called for in the contract. Consequently, there is no specification of negligence or of the careless performance of the contract, but merely a specification of a failure to comply with the terms of the contract. The fact that both pleadings are based on liability for bodily injuries is not sufficient to bring the third-party action within the coverage of the policy.
I therefore hold that the defendant’s motion to dismiss the Catino complaint for legal insufficiency must be granted on the ground stated, inasmuch as the instant pleading herein fails to state a cause of action under the policy coverage. (See Viscomi v. State Elevator Co., 286 App. Div. 994.) But since I am of the view that, in a proper case, the relief of a declaratory judgment is appropriate, and since the plaintiffs may be in a position to allege facts adequate in the premises, leave will be granted to them to replead.
An order has been entered in each case in accordance with this opinion.