Matthew J. Jasen, J.
This is a motion by third-party defendant for dismissal of the third-party summons and complaint-pursuant to rule 106 of the Buies of Civil Practice on the grounds that the third-party complaint fails to state a cause of action against the third-party defendant.
Plaintiff administratrix instituted an action against defendants for the wrongful death of plaintiff’s intestate. Defendants were the owners of certain realty on which greenhouse structures were situated; while plaintiff’s intestate was lawfully working for Hill on or upon one of the said structures he fell receiving personal injuries which caused his death.
In paragraph 12 of her complaint she alleged that defendants were negligent in that the structure was improperly designed and constructed; in that the structure was maintained in a dangerous condition; in that the condition of the .structure constituted a trap of which defendant gave no warning to plaintiff’s intestate.
The defendant then filed a complaint against the third-party defendant Hill asking for indemnity. For clarity, we shall hereinafter refer to this third-party defendant as Hill. The defendant alleged that plaintiff’s intestate was an employee of Hill making repairs to defendant’s premises; that plaintiff’s intestate was using equipment and tools furnished solely by Hill; that while employed plaintiff’s intestate lost his footing and fell through the roof of the greenhouse; that the accident was caused solely by the negligence of plaintiff’s intestate and Hill.
Hill contends that the third-party complaint alleges no facts upon which an implied contract of indemnity arises in favor of defendant as against Hill and that said complaint merely alleges that Hill is a joint tort-feasor with defendant.
In Brady v. Weiss & Sons (6 A D 2d 241 [4th Dept.]) Judge Halpern, in a learned discussion, said in part (pp. 244-245): “ The determination of this question [actual notice] must await the resolution of the factual issues upon the trial. The fact that the complaint may be construed as charging active as well as passive negligence does not warrant the dismissal of the cross complaint * * * Hot until the trial, can it be determined whether the plaintiff’s recovery, if any, will be based on a finding of active or of passive negligence. A cross complaint is sufficient on its face, if the factual situation alleged is such that the answering defendant may he held liable to the plaintiff on a ground or theory which would entitle the defendant to be indemnified by a codefendant * * * The fact that the defendants, in their answer, deny any liability to the plain *169 tiff does not bar a claim over for indemnity. If it did, there could hardly ever be a well-pleaded case of indemnity, since the defendants, for their own protection, will almost always deny all the allegations of negligence in the complaint * * * Of course, if the complaint alleges a factual situation in which the defendant could not be held liable at all unless it was guilty of active or primary negligence, there can be no basis for a recovery over ”.
Hill contends that defendants owed a duty to plaintiff’s intestate to maintain the premises in reasonably safe condition and that violation of this duty is active negligence on defendant’s part.
This court disagrees. An examination of authorities and cases on point indicates that if an owner of realty does not safely maintain his premises, he is guilty of passive negligence. (Haverstock v. Hansen & Sons, 277 N. Y. 158, 161; Callan v. Pugh, 54 App. Div. 545; Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686.)
In Epstein v. Empress Hotel (11 Misc 2d 21) the court held (p. 22): u Section 193-a of the Civil Practice Act is to be liberally construed as it was intended to mitigate the strictness of the old practice which required a third-party plaintiff to show clear liability on the part of the third-party defendant (Robinson v. Binghamton Constr. Co., 277 App. Div. 468) e Whether the negligence is passive or active is generally speaking a question of fad for the jury. (McFall v. Compagnie Maritime Belge, 304 N. Y. 314).”
In Klein v. Bargray Constr. Corp. (1 A D 2d 883) the court held:1 ‘ It is difficult to ascertain from the meager facts pleaded whether in this case the third-party plaintiff was required to maintain a sidewalk shed. Therefore, we need not determine whether the failure to provide such a shed constitutes active or passive negligence. In any event, the complaint is broad enough to admit of recovery by plaintiff upon acts of negligence separate and apart from the alleged failure to comply with the Administrative Code provisions for the maintenance of a sidewalk shed. There is a possibility that the proof upon the trial will establish that the third-party plaintiff was a passive tortfeasor entitled to recover from the third-party defendant as an active tort-feasor.”
The Court of Appeals in Putvin v. Buffalo Elec. Co. (5 NY 2d 447) thoroughly reviews the subject of the right to implead. In part, the court says that if the original complaint can reasonably be interpreted as including an allegation of passive negligence by defendant, then the defendant may charge the *170 third-party defendant with active negligence. Further, the court stated that if the defendant is alleged to be guilty of both active and passive negligence he may implead another. The court also said (p. 456): “It is the omission or failure to perform a nondelegable type of duty (e.g., the duty of an owner of realty * * * to furnish the injured party with a safe place to work), as distinguished from * * * which constitutes passive negligence entitled one to indemnity ”.
In the original complaint it was alleged that the structure was improperly designed, maintained and a trap was created. Certainly one if not all, of these allegations, if established could very well constitute passive negligence on the part of the defendant. In his third-party complaint, the defendant alleged that plaintiff’s intestate, an employee of the third-party defendant, was killed while making repairs on the structure.
It is entirely possible from the very general allegations set forth in the complaint that the third-party defendant’s active negligence was the primary cause of the death and that defendant as owner of the premises was guilty of passive negligence.
For the reasons stated, motion to dismiss third-party complaint is denied. Prepare and submit order.