Louis G. Bruhn, J.
This is a motion on behalf of the defendant, Yale Transport Corp., whom I shall refer to as Yale, for an order pursuant to rule 106 of the Buies of Civil Practice, dismissing the first cross complaint and the second cross complaint of the defendant, Cohoes Industrial Terminal, Inc., whom I shall refer to as Cohoes, on the grounds that it appears from the face thereof that neither complaint states facts sufficient to constitute a cause of action and that neither states *1035 facts sufficient to constitute a claim pursuant to section 264 of the Civil Practice Act.
Such section provides in part: “ Where the judgment may determine the ultimate rights of the parties on the same side, as between themselves, or of a party who claims that any other party to the action is or may be liable to him for all or part of a claim asserted against him in the action, the party who requires such a determination must demand it in his pleading.
This is an action which was brought by the plaintiff, an employee of Barclay Home Products, Inc., a tenant of the defendant, Cohoes, against both Cohoes and Yale for injuries he sustained during unloading operations in the warehouse of Cohoes.
With regard to the first cause of action, guidance must be found through an examination of the original pleadings as well as the cross complaints.
It is quite true that a complaint, which leaves no room for doubt about the warring defendants being joint tort-feasors, cannot form the predicate for relief under section 264. (Griffin v. New York Cent. R. R. Co., 13 Misc 2d 308.)
However, it appears that this Department, at least, is taking a more liberal view with regard to this type of controversy.
In the case of Pasquale v. Babcock, Hinds & Underwood (6 A D 2d 336, 337, appeal dismissed 5 N Y 2d 799) the court stated: “ Third-party defendant-appellant contends that the original complaint charges only active or affirmative negligence on the part of defendant, thus precluding recovery over. In appraising pleadings of this nature, we are not exclusively concerned with close dissection of particular and sometimes artfully contrived allegations, for purposes of their classification in one category or another. We must look as well to the scope and compass of the pleading, giving recognition to the broad outline which emerges upon consideration of the factual averments as a whole.” (Italics supplied.)
The existence of a possibility of liability over is all that seems to be required. (Robinson v. Binghamton Constr. Co., 277 App. Div. 468 ; Ruping v. Great A. & P. Tea Co., 283 App. Div. 204.)
In the case of Schellhorn v. New York State Elec. & Gas Corp. (283 App. Div. 678) this Department stated: “In a situation in which the main complaint may be construed as charging the third-party plaintiff with passive negligence, even though it also charges him with active negligence, it has been the policy of this court not to dismiss such a complaint, but to leave the question of liability over until the examination of facts afforded at the trial.”
*1036 The difficulty of determining, in advance of trial, the question of whether negligence is active or passive has been recognized by the Court of Appeals.
In the case of McFall v. Compagnie Maritime Belge (304 N. Y. 314, 328) the court stated: “ The right to indemnity, as distinguished from contribution, is not dependent upon the legislative will.. It springs from a contract, express or implied, and full, not partial, reimbursement is sought. Where several tort-feasors are involved an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. The actively negligent tort-feasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act. Whether negligence is passive or active is, generally speaking, a question of fact for the jury.” (Italics supplied.) (See, also, Brady v. Weiss & Sons, 6 A D 2d 241, 244.)
Therefore, appraising the first cross complaint in the light of those principles, this court concludes that the motion addressed to it must be denied, without costs.
Such conclusion is predicated primarily on the proposition that, even though the plaintiff attempts to frame his complaint within the joint tort-feasor realm, there is a possibility of liability over within the factual context and the relationship of the parties involved. (Gallagher v. Hill Greenhouse Constr., Inc., 23 Misc 2d 167, 169.)
So far as the second cross complaint is concerned, there seems little doubt that the question involved may properly be raised in this fashion. (Lecouna Cuban Boys v. Kiamesha Concord, 276 App. Div. 808.)
This is especially so in view of the fact that the moving defendant Is a self-insurer and no policy provision precluding such remedy is involved. (Aulisio v. California Oil Co., 202 Misc. 1050, 1952.)
The case of Wagman v. American Fid. & Cas. Co. (304 N. Y. 490) definitely establishes the acceptance of the “ complete operation ” theory so far as coverage involving “use ”, particularly the use of “ loading ” and “ unloading ”.
That case, at page 496, stated: “ Effectuation of the broad purpose of the policy to cover the entire process of making a commercial pickup or delivery, would seem to demand that the coverage of the policy be held to embrace loading and unloading operations performed by third persons with the permission of. *1037 the - named insured, although there, is otherwise no actual or contemplated ‘ use ’ of the vehicle by such third persons. Such third persons come squarely within the letter and the purpose of the omnibus definition of the term ‘ insured (Italics supplied.)
; Viewing the second cross complaint in the light of such “ complete operation ” theory and in the light of rule 106, it impresses this court that a valid cause of action has been alleged sufficient to defeat the instant motion.
The fact that Yale is a self-insurer does not alter such conclusion.
While it may be true that prejudice could result to Yale if it were successful in its contentions such result may be avoided by a severance if appropriate application be made therefor. (Kelly v. Yannotti, 4 N Y 2d 603, 606.)
Therefore, for the reasons stated, the motion with regard to both cross complaints is denied, without costs.