Charles H. Cohen, J.
Plaintiff Banks brought this negligence action against defendants, who interposed a counterclaim against plaintiff. The latter then served a third-party complaint, with respect to the counterclaim, against the third-party defendant, *834 Fireman’s Fund American Insurance Companies (Fireman’s), alleging that he was covered by a liability insurance policy issued by Fireman’s which refuses to defend. Fireman’s, in its answer, admits that it refuses to defend, claiming the policy was canceled prior to the accident, and alleges that the insurance policy contained the following provision:
“ Ño action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by. judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.
‘ ‘ Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.
“ Nothing contained in this policy shall give any person or organization any right to join the Company as a codefendant in any action against the insured to determine the insured’s liability.”
As a cross motion to plaintiff’s motion for an order “ permitting the examination before trial ” of Fireman’s, the latter cross-moves for an order ‘ ‘ pursuant to CPLR sections 1010 and 2215, dismissing the Third-Party Complaint upon the ground that such Third-Party Complaint fails to state a cause of action”.
While Fireman’s makes reference to CPLR 1010, it submitted nothing upon which the court might dismiss the third-party complaint as a matter of discretion in accordance with the provisions of that section (see Jesse E. Kahn, Inc. v. Driscoll Co. 1 Misc 2d 405, 409 [Sup. Ct., N. Y. County, 1955]), but argued that as a matter of law no third-party complaint could be brought against it by virtue of the provision in the insurance policy quoted in its answer. There is no dispute concerning the existence of this provision in the policy and the question before the court is whether this provision effectively bars the third-party complaint.
Fireman’s rests its argument upon the authority of Aulisio v. California Oil Co. (202 Misc. 1050 [Sup. Ct., Ulster County, 1952]) where the court held that the identical provision involved in this case effectively barred the bringing of the third-party complaint and dismissed it for legal insufficiency. That case distinguished Brooklyn Yarn Dye Co. v. Empire State Warehouses Corp. (276 App. Div. 611 [2d Dept., 1950], mot. for lv. to app. den. 277 App. Div. 796) by pointing out that the similar *835 provision in Brooklyn Yarn — which had heen held ineffective to prevent the insured from impleading the disclaiming insurance company — did not contain the added sentence (also appearing in the policy involved herein) stating (p. 1052): “ ‘ Nothing contained in this policy shall give amy person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured’s liability.’ ” Aulisio further noted (p. 1053) the statement in Brooklyn Yarn that if the provision involved there had “ been intended to prohibit either declaratory judgment action or third-party practice by the assured, it should have so stated”, and concluded that the policy provision with the added sentence ‘1 expresses that intent without ambiguity.” This court does not agree that the added sentence expresses that intent.
The added sentence states that there is no right to join Fireman’s “as a codefendant in any action against the insured to determine the insured’s liability.” This action was begun without Fireman’s being joined “as a codefendant” and has continued without Fireman’s being joined “as a codefendant.” (Whether the added sentence would have been effective had defendant sought to join Fireman’s as a party in connection with its counterclaim against Banks, who is named as a “ plaintiff ”, is a question which need not be considered here, (See CPLR 3019, subds. [a], [d].) CPLR 1007 states that a defendant may proceed against “ a person not a party who is or may be liable to him ” and that such person “ shall be styled a third-party defendant.” Such person, Fireman’s, is a*“ third-party defendant ” and not a “codefendant ” — even if Banks were regarded as a defendant with respect to the counterclaims (see CPLR 3019, subd. [d]).
Where an insurance policy is unambiguous — as the provision in question appears to this court — it is to be construed according to the plain and ordinary meaning of its terms. Johnson v. Travelers Ins. Co., 269 N. Y. 401, 408 [1936]; Tyroler v. Continental Cas. Co., 31 A D 2d 8, 10 [1st Dept., 1968], affd. 25 N Y 2d 710 [1969].) Moreover, even if the language.of the added sentence were regarded as ambiguous, it would be of no help to the disclaiming insurance company, the third-party defendant, since it would be construed in a manner most favorable to the insured, with all doubt resolved in favor of the insured. (Berkshire Life Ins. Co. v. Weinig, 290 N. Y. 6, 10 [1943]; Howell v. John Hancock Mut. Life Ins. Co, 286 N. Y. 179, 185 [1941]; Killian v. Metropolitan Life Ins. Co., 251 N. Y. 44, 47 [1929].)
*836 Just as was noted in Brooklyn Yarn (supra) with respect to the insurance contract involved there, if the added sentence here had ‘ ‘ been intended to prohibit * * * third-party practice by the assured, it should have so stated.” It does not so state. (See, also, Jesse E. Kahn, Inc. v. Driscoll Co., 1 Misc 2d 405, supra.)
There being no effective provision in the insurance contract prohibiting the joining of Fireman’s as a third-party defe^d^tnt, the motion is denied.