PETER REMCH, Plaintiff, *v.* PHILIP J. GRABOW, Defendant and Third Party Plaintiff. METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Third Party Defendant.

Supreme Court, Special Term, Kings County, March 29, 1947.

*Leo F. Potts* for third party defendant appearing specially.
*David Ginsberg* and *Samuel Spevak* for plaintiff.

CUFF, J. Motion by third party defendant to dismiss the third party complaint. That complaint was served and this motion is made pursuant to section 193-a of the Civil Practice Act. The situation presented will be repeated from time to time in our courts. Plaintiff, injured in an automobile accident, sued defendant. The latter looked to the liability company with which he understood he enjoyed insurance coverage. For some reason, it matters not what reason, the insurance company has declined to represent defendant or assume responsibility for any judgment obtained against him. Defendant thereupon served the insurance company with a third party complaint and as the matter stands, the insurance company is in the action. That complaint alleges that the insurance company contracted to insure defendant with all the usual incidental service attending such liability insurance; that defendant gave notice of the suit brought by plaintiff; that the insurance company disclaimed liability without cause; judgment is demanded that if recovery against defendant is had by plaintiff that defendant be granted judgment against the insurance company as provided in the insurance policy.

There are no exceptions specifically enumerated in the new law (§ 193-a). The relief provided thereby applies to all cases where a third party " is or may be liable to him [defendant] for all or part of the plaintiff's claim against him " if such claim is " related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause of action or the same ground as the claim asserted against the third-party plaintiff " (§ 193-a, subd. 1). (That awkward expression " third-party plaintiff " simply means defendant.) The situation at bar fits the formal requirements of the statute perfectly.

This laudable effort of the Legislature to bring before the court at one time for complete disposition, conflicting related

claims among multiple litigants was a thrust in furtherance of a speedy less expensive administration of justice without prejudicing or inconveniencing any litigant beyond the just exigencies of the situation. I am confident that it was not intended that that practical justice which has characterized our jurisprudence for generations should be forsaken. Should these two controversies — plaintiff's claim against defendant for damages and defendant's to hold to its contract the insurance company — come on for trial at the same time, the jury would know there was insurance (if it resolved that issue against the liability company) and that defendant would not have to pay a verdict found for plaintiff. The cases are legion that such knowledge by the jury is prejudicial.

Regardless of the fact that insuring against accident by automobile owners is widespread and actually required by law in certain special instances; regardless of the fact that the jurors themselves own cars and carry insurance; not overlooking the current observations of some lawyers and some jurists "that everybody knows that defendant is insured" and regardless of the disinclination of judges and even defendants' lawyers (liability company attorneys) to bring about a mistrial following the disclosure before the jury that the defendant "is insured", countenancing a practice which boldly opens the door to lay bare before the jurors who are to assess the damages growing out of an accident the cold and perhaps inspiring information that there is "insurance in the case", just because the liability company has seen fit to refuse to submit to a fraud or a noncompliance with its insurance contract, is such a radical departure from the principle of fairness which has marked our jury trials in the past that I do not think that our lawmakers, in the absence of a direct command, intended to set up such a dangerous and unfair practice by the new law. It is my view that subdivision 4 of section 193-a establishes the authority to prevent such a miscarriage of justice. It provides that the court "in its discretion, may dismiss a third-party complaint * * * order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders concerning the proceedings as may be necessary to further justice or convenience." Hence, where the two claims fit the requirements of the statute, "to further justice or convenience" the court is empowered to reject the plan to try those two claims before one jury.

Throughout this discussion I have assumed that there is to be a jury trial. The papers do not reveal that information. If there is to be a nonjury trial all of the objections to trying the

two issues at once may be disregarded and the spirit of the new legislation, to wit, to speed up litigation, be permitted to prevail. On this motion by the third party to dismiss the third party complaint my decision is: If there is to be a nonjury trial, the motion is denied. If there is to be a jury trial, the third party claim is severed and it will be tried separately. Unless the parties (all) agree otherwise, the main trial will take place first. The third party issue will be placed on the ready calendar near the top for trial, subject to approval of the justice presiding, on the first day following expiration of the term of jury service of the jurors who tried the main case. Order on notice.