BERNICE S. LITMAN, an Infant, by LAWRENCE LITMAN, Her Guardian ad Litem, Plaintiff, *v.* IDA GARFINKLE, Defendant and Third Party Plaintiff.

GREAT AMERICAN INDEMNITY COMPANY, NEW YORK, Third Party Defendant.

Supreme Court, Special Term, Kings County, May 13, 1948.

*Joseph Goldstein* for plaintiff.

*Louis E. Schwartz* for defendant and third party plaintiff.

*Phillips, Ahearn & Bivin* for third party defendant.

RUBENSTEIN, J. Defendant, sued under a theory of liability that her failure as landlord to supply adequate heating caused the infant plaintiff, child of a tenant, to contract bronchopneumonia and permanent physical impairment, has impleaded her insurance carrier as a third party defendant. The latter moves to dismiss such cross complaint.

Coverage under the policy, as asserted in the complaint of the third party plaintiff, is not denied. The company has chosen not to defend defendant in the main action. Its bases for avoiding the attempted impleader are twofold: "That the express terms of the contract of insurance between the Third Party Plaintiff and the Third Party Defendant prevent the institution of such action at the present time and on the further ground that the Third Party Defendant would be prejudiced if the action against it were permitted to remain at this time."

The latter objection is based upon the adverse effect, recognized by the courts, which disclosed insurance coverage would have before the average jury (*Remch* v. *Grabow*, 193 Misc. 731). Such objection is met in the instant case by the fact that a jury trial herein has been waived, a circumstance formally pleaded in the third party complaint.

The remaining objection is sufficient, however, in my opinion, to warrant the granting of the motion. The insurance contract provides as follows (as the third party plaintiff admitted upon the argument):

"*No action shall lie against the Company unless, as a condition precedent thereto, the Assured shall have fully complied with all of the terms of this Policy, nor until the amount of the Assured's obligation to pay shall have been finally determined either by judgment against the Assured after actual trial,* or by written agreement between the Assured, the claimant and the Company.

"Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this Policy in the same manner and to the same extent as the Assured. *Nothing contained in this Policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Assured to determine the Assured's liability.* Bankruptcy or

insolvency of the Assured or of the Assured's estate shall not relieve the Company of any of its obligations hereunder " (italics added).

The statutes relating to impleader deal with a procedural device, designed as a convenience to litigants and the courts, but not involving matter of fundamental public policy. No reason is apparent why resort to them cannot be waived, and that, in substance, is what the parties to the insurance contract have done under the provision above quoted.

The motion is granted.