JUDY NEGLIGEE, INC., Plaintiff, *v.* SAM PORTNOY, Defendant and Third Party Plaintiff. FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., Third Party Defendant.

City Court of the City of New York, Special Term, New York County, January 18, 1949.

*Harry L. Jacobs* for defendant and third party plaintiff.

*Jerome G. Greenspan* for plaintiff.

*Joseph Haskell* for third party defendant.

RIVERS, J. Motions numbers 38 and 52 of December 17, 1948, have been consolidated.

The motion for leave to serve an amended third party complaint is granted and the proposed amended third party complaint will stand as the pleading in the case. The third party may serve its answer to the same within six days after service upon its attorney of a copy of this order with notice of entry.

The third party defendant's motion for summary judgment under rule 113 of the Rules of Civil Practice is considered, by consent, to be directed to the amended third party complaint. The motion is denied.

This motion for summary judgment presents a question of practice involving the application of section 193-a of the Civil Practice Act.

The plaintiff has sued for the loss of merchandise while in the custody of defendant, a bailee. The defendant carried a policy of insurance allegedly covering the loss of the merchandise and has brought this third party complaint, under section 193-a,

against the insurance company. The insurance company contends that any action against it is premature and therefore has sought to dismiss the third party complaint. It bases such contention upon the following provision of the policy of insurance: "No action shall lie against the Company to recover for any loss and/or expense resulting from any claim or claims upon the Assured for damages and claimed to be covered by his policy, unless it shall be brought to recover for loss and/or expense, the amount of which shall have been definitely determined (a) by final judgment after trial of the issue in an action against the Assured or (b) by agreement of the parties made with the written consent of the Company, nor, in either event, unless it shall be brought within one year after such determination."

I think this provision, reasonably construed, means merely that there may be no recovery against the assurer except on the basis of a final judgment against the assured or unless the claim has been liquidated by agreement of the parties with the consent of the assurer. That is the purpose of the provision, that before there may be a recovery under the policy the claim against the assured must have been liquidated either by a final judgment or by agreement.

But under section 193-a of the Civil Practice Act, recovery against the assurer, the third party defendant, must necessarily be based upon a liquidation of the claim and upon recovery against the assured. It seems to me, therefore, that the purpose underlying the above-quoted provision of the policy is met if at the time recovery is had against the assurer, judgment has been allowed, even though not yet formally entered, against the assured. The interposition of a cross complaint or a third party complaint under section 193-a of the Civil Practice Act, is not in derogation of the said provision of the policy. The underlying purpose of that provision is fully achieved inasmuch as there can be no recovery under the third party complaint except upon the basis of the liquidation in the same action of the claim against the assured, who is the third party plaintiff.

The provision in question of the policy of insurance need not be read too literally if the result sought thereby to be accomplished is realized, to wit, that recovery against the company may not be had until the loss or expense suffered by the assured shall "have been definitely determined * * * by final judgment after trial of the issue in an action against the Assured". There is no reason why the loss or expense suffered

by the assured, and the right of the assured to indemnity from the assurer, may not be determined in the same action if only the assurer is safe against the possibility that there will be recovery against it in the absence of and before judgment is allowed against the assured.

That the said conditions of the policy cannot be read too literally but must be considered in the light of modern procedure is apparent, when one considers that there is provision also that the assurer is to be liable only in the event of " final judgment after trial of the issue ". It can scarcely be doubted that judgment under rule 113 of the Rules of Civil Practice, predicated upon affidavits, will be given the same effect as a judgment " after trial ". These provisions of long standing in insurance policies should be read in their proper relationship to, and are, I think, sufficiently flexible to be adjustable to modern rules of practice, as long as the underlying purpose sought to be realized by such provisions is not violated. I am constrained to differ with the result reached in *Litman* v. *Garfinkle* (193 Misc. 256).

I think that the third party complaint should not be dismissed.

If a severance is sought so that the existence of insurance may not be brought to the attention of the jurors to whom are submitted the issues between the principal plaintiff and defendant, application for that relief may be made. (Cf. *Remch* v. *Grabow,* 193 Misc. 731.)