ANTONIA CASERTA, Plaintiff, *v.* BEAVER CONSTRUCTION CORP. et al., Defendants.

BEAVER CONSTRUCTION CORP., Third-Party Plaintiff, *v.* STANDARD ACCIDENT INSURANCE COMPANY, Third-Party Defendant.

Supreme Court, Special Term, Queens County, November 17, 1949.

*Keegan & Eberlein* for third-party defendant.

*Milton Pinkus* for plaintiff.

*Joseph Tanenbaum* for Beaver Construction Corp., defendant and third-party plaintiff.

*Alfred J. Swan* for Lawrence Troiano, defendant.

HALLINAN, J. The plaintiff, the owner of certain premises, brought an action to recover damages resulting from the alleged trespass on her land when the defendants, in excavating for a cellar and foundation, entered and encroached thereon. The defendant Beaver Construction Corp., impleaded Standard Accident Insurance Company, as a third-party defendant, for the purpose of obtaining ultimate relief against it under a policy of insurance, whereby the third-party defendant agreed to indemnify the third-party plaintiff for all losses or damages, for which liability should be imposed by law upon the third-party plaintiff because of injury to, or destruction of, property caused by accident during the course of construction of certain buildings. Said third-party defendant now moves to dismiss the third-party complaint on the grounds (a) that it does not on its face state sufficient facts to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 5) and (b) that it does not come within the purview of section 193-a of the Civil Practice Act.

The motion to dismiss the third-party complaint on the ground of legal insufficiency is denied. Assuming the truth of the facts pleaded in the third-party complaint, a good cause of action has been stated as a matter of pleading.

As for the contention that impleader is improper in this case, I find it without substance. There is no sound reason why the right of an assured to indemnity from an assurer cannot be determined at the same time as the original claim by the plaintiff against the assured. (*Judy Negligee, Inc.*, v. *Portnoy*, 194 Misc. 508; *Remch* v. *Grabow*, 193 Misc. 731.) Since this action will be tried by a jury, however, the third-party defendant is entitled

to a discretionary order of severance, pursuant to the fourth subdivision of section 193-a of the Civil Practice Act, as the existence of insurance may not be brought to the attention of the jurors to whom will be submitted the issues between the plaintiff and the third-party plaintiff. Such severance will be granted unless the parties to the third-party complaint agree to the trial of the issues presented thereunder by the justice who will preside at the jury trial of the main action.

Settle order on notice.