Per Curiam.

The third-party complaint alleges the issuance by appellant to respondent, the third-party plaintiff, of the warehouseman’s liability policy attached to that pleading; the commencement of the action against respondent for loss or damage of goods stored in respondent’s warehouse; due per *612 formance of all terms and conditions of the policy by respondent ; disclaimer by appellant, upon the ground that the claimed loss was not covered by the contract of insurance, and appellant’s liability under the policy for any recovery against respondent in that action.
It is the contention of appellant that Condition F of the policy prohibits the impleading of appellant. That Condition F provides: ‘ ‘ No action shall lie against the company unless the assured shall have fully complied with all the conditions hereof, nor until the amount of the assured’s obligation to pay shall have been finally determined either by judgment against the assured after actual trial or by written agreement of the assured, the claimant, and the company, nor in either event unless suit is instituted within two years after the date of such judgment or written agreement. Any claimant or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner "and to the same extent as the assured. Bankruptcy or insolvency of the assured shall not relieve the company of any of its obligations hereunder.”
Condition K of the policy provides: ‘ ‘ Any specific statutory provision in force in the state in which the assured’s premises designated in item 2 of the declarations are located shall supersede any provision or condition of this policy inconsistent therewith.” Item 2 of the declarations located assured’s premises at 390-8 Nostrand Avenue, Brooklyn, New York.
By paragraph I of the statement of agreements or obligations of the appellant under the policy it contracted to pay all sums which the assured shall become liable to pay by reason of the liability imposed by law upon the assured as a warehouseman or bailee for loss or damage to property stored in assured’s premises; and by paragraph II thereof it contracted “ to defend in the assured’s name and behalf, any suits or other proceedings which may be brought against the assured to enforce such claims ”.
Clearly the appellant is a party “ who is or may be liable to him [the assured] for all or part of the plaintiff’s claim against him * * (Civ. Prac. Act, § 193-a.) It may not be held under the policy that by disclaiming liability the insurance company may prevent its assured, whom it has contracted to defend, from determining his rights under the policy by direct action for declaratory judgment (Globe Ind. Co. v. Sterling Stewart Corp., 257 App. Div. 1027, affd. 283 N. Y. 582), or by third-party complaint in an action for loss or *613 damage against the assured. (Judy Negligee, Inc., v. Portnoy, 194 Misc. 508.)
Condition F of this policy may he construed as intended compliance with clause (b) of subdivision 1 of section 167 of the Insurance Law, which requires such a policy to provide for the protection of a person sustaining loss or damage in the event judgment against the assured remains unsatisfied; and, further, as prohibiting actions by such person against the company until the claim against the assured has been liquidated by agreement or by judgment against assured.
Upon the policy as a whole, Condition F is sufficiently doubtful, indefinite and inconclusive to warrant construction against appellant. (Hartol Products Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49.) Had condition F been intended to prohibit either declaratory judgment action or third-party practice by the assured, it should have so stated. (Birnbaum v. Jamestown Mut. Ins. Co., 298 N. Y. 305, 313.)
The order should be affirmed, with $10 costs and disbursements.