Wenzel, J.
(dissenting). Condition F provides that “ No
action shall lie against the company unless * * * I find no warrant for inserting in the clause the words “by the claimant” so as to limit the unequivocal words “ no action ”, This is a contract between the insured and the insurer, and they would not, of course, attempt to bind a future claimant whose rights are fixed by statute. The paragraph makes specific reference to the assured and is clearly intended to affect the assured, (Litman v. Garfinkle, 193 Misc. 256.) Further, section 193-a of the Civil Practice Act is a procedural statute designed for the expeditious disposition of the work of the courts and the avoidance of multiplicity of actions. It calls for the exercise of the court’s discretion, for by its terms the court may dismiss a third-party complaint “ to further justice or convenience ”. It has been held that “ Evidence that the defendant in an action for negligence was insured in a casualty company, * * * is incompetent and so dangerous as to require a reversal * * (Simpson v. Foundation Co., 201 N. Y. 479, 490.) Here the jury must not only be apprised of the fact that the defendant is protected by an indemnity policy, but may be called upon to decide whether under the policy the third-party plaintiff shall have a judgment over against the indemnity company. I see no difference in principle involved in this situation and that *614 involved in the disclosure to a jury in a negligence action. Condition K refers to “ specific statutory ” provisions and has reference only to laws regulating contracts of insurance.
Carswell, Acting P. J., Johnston, Sneed and MacCrate, JJ., concur in Per Curiam opinion; Wenzel, J., dissents and votes to reverse the order and to grant the motion, with memorandum.
Order denying motion of third-party defendant to dismiss the third-party complaint on the ground that it does not state facts sufficient to constitute a cause of action, affirmed, with $10 costs and disbursements. [See 277 App. Div. 796.]