LOLA C. DE LANY, Plaintiff, v. JOHN W. ALLEN, Defendant and Third-Party Plaintiff. CENTURY INDEMNITY COMPANY, Third-Party Defendant.

Supreme Court, Trial Term, Tompkins County, June 14, 1951.

*Arthur Agan* for third-party defendant.

*John Lo Pinto* for plaintiff.

*Armand L. Adams* for defendant and third-party plaintiff.

McAvoy, J. The third-party defendant, The Century Indemnity Company, by this motion asks for the following relief: (1) to preclude plaintiff and defendant from using admissions claimed to have been erroneously made by counsel for the third-party defendant in its original answer, and to substitute its amended answer for the original answer of the third-party defendant; (2) for an order directing a separate trial of the action brought by plaintiff against the defendant and the action of the defendant and third-party plaintiff against the aforementioned third-party defendant.

The motion to preclude the use of admissions claimed to have been erroneously made in the original answer is denied. The third-party defendant will be afforded an opportunity upon the trial to explain how and under what circumstances such admissions were made.

The motion for a severance of these actions presents a problem which has apparently caused the courts some difficulty.

The original action is in negligence, arising out of the operation of defendant's automobile. The third-party defendant denies that its liability policy covered the car involved in the accident.

Most of the adjudicated cases have denied a severance under such circumstances in nonjury cases. In one case (*Remch* v. *Grabow,* 193 Misc. 731) where the main action arose out of negligence in the operation of a motor vehicle, the court there held that if there was to be a jury trial the third-party .claim should be severed and tried separately; but if there was to be no jury the motion to dismiss would be denied.

It appears that there have been but three cases before the appellate courts involving the questions here presented. In the second department the cases are — *Brooklyn Yarn & Dye Co.* v. *Empire State Warehouses Corp.* (276 App. Div. 611) and *Adelman Mfg. Corp.* v. *New York Wood Finisher's Supply Co.* (277 App. Div. 1117).

In the third department the court passed upon similar questions in the case of *Lecouna Cuban Boys, Inc.,* v. *Kiamesha Concord, Inc.* (276 App. Div. 808). In each of these cases the decision was by a divided court.

In the *Brooklyn Yarn & Dye* case (*supra*) the main action was for loss or damage to goods stored in defendant's warehouse. The Special Term denied a motion by the third-party defendant insurance carrier to dismiss the third-party complaint. The Appellate Division affirmed the Special Term, holding that the action was not premature but made no reference to the question of prejudice. However, WENZEL, J., in a minority opinion considered this question and held impleader to be prejudicial.

The *Adelman* case (*supra*) involved an alleged breach of warranty of fitness and merchantability of materials. The defendant impleaded the insurance carrier. The Special Term granted a motion of the carrier to dismiss the third-party complaint. The Appellate Division reversed the Special Term and held that impleader was proper. Again, WENZEL, J., dissented upon the ground of prejudice. In the *Lecouna* case (*supra*) the main action was on a contract of bailment for the loss of personal property by fire in a hotel maintained by the defendant. The Special Term denied a motion of the impleaded insurance carrier to dismiss the third-party complaint. The Appellate Division, by a divided court, affirmed the denial and held that the issues were all related and could be disposed of in one action. In that case it will be seen that the question of prejudice was not directly passed upon by the court.

In all of these cases before the Appellate Division the claimed insurance coverage was upon goods or items of personal property, where damages for loss or destruction were either fixed or definitely ascertainable. There would be little room for prejudice to influence the amount of the jury's verdict in such actions.

However, a far different picture is presented in an action, such as here, for personal injuries arising out of the negligent operation of a motor vehicle. In such case there is no limitation upon the amount of the damages awarded — the decision of the jury is supreme and the courts are powerless to interfere with the verdict, except where it is so excessive as to be clearly against the weight of the evidence.

The Court of Appeals has held that in negligence cases, evidence before a jury that the defendant is insured is so dangerous as to require a reversal. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479.) The courts have long recognized the rule that such evidence would not only dangerously influence the jury's verdict as to the amount of damage but also as to the liability of the defendant. We do not believe that it is in accord with logic or common sense to allow by indirection that which the law says cannot be done directly.

While it is important that courts expedite the disposition of litigation, it is far more important that justice be dispensed on the actual merits of a controversy between the parties thereto.

In the instant case disclaimer of liability on the part of the insurance carrier does not appear to be based upon flimsy or technical grounds. It has at least shown that there will be a serious question as to whether its policy covered the car involved in the accident.

In the interests of justice the issues involved in each of these controversies should be decided on their respective merits with the jury uninfluenced by knowledge that there is or may be insurance coverage.

The court, therefore, in the exercise of its discretion and to avoid possibility of prejudice to the third-party defendant, grants the motion of such defendant for a severance and a separate trial of the third-party claim.

Submit order in accordance herewith.