MARY F. KANE, Plaintiff, *v.* KANE SHIP REPAIR CORP., Defendant. KANE SHIP REPAIR CORP., Third-Party Plaintiff, *v.* JOHN T. KANE, Third-Party Defendant.

JOHN T. KANE, Fourth-Party Plaintiff, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Fourth-Party Defendant.

Supreme Court, Special Term, Kings County, July 31, 1952.

*George A. Garvey* for fourth-party defendant and Kane Ship Repair Corp., defendant and third-party plaintiff.

*Adolph Koeppel* for plaintiff.

*Wallach & Wallach* for John T. Kane, third-party defendant and fourth-party plaintiff.

Moss, J. This is a motion by the Indemnity Insurance Company of North America, a third-party defendant, sued herein as "fourth party defendant," for an order dismissing the third-party complaint against it pursuant to subdivision 4 of section 193-a of the Civil Practice Act, and subdivision 4 of rule 106 of the Rules of Civil Practice. Plaintiff, a passenger in a motor vehicle owned by defendant, instituted an action for personal injuries based upon the negligent operation of the automobile by her husband, an employee of defendant. Defendant, by way of a third-party complaint, impleaded as a defendant its employee, plaintiff's husband, by reason of his active negligence. The latter third-party defendant cross-complained and impleaded the above insurance company for the purpose of obtaining ultimate relief against it under a policy of insurance whereby it is alleged it agreed to indemnify the original defendant and third-party plaintiff, Kane Ship Repair Corporation, as well as John T. Kane, third-party defendant, for all loss or damage resulting from any action brought for personal injuries or property damages sustained in the operation of the motor vehicle. Assuming the truth of the facts, a good cause of action

has been stated as a matter of pleading (*Brooklyn Yarn Dye Co. v. Empire State Warehouse Corp.*, 276 App. Div. 611; *Caserta* v. *Beaver Constr. Corp.*, 197 Misc. 410; *Remch* v. *Grabow*, 193 Misc. 731). The motion under rule 106 of the Rules of Civil Practice, is therefore denied. As to the motion under subdivision 4 of section 193-a of the Civil Practice Act: notwithstanding the rule that in negligence cases the admission of evidence that the defendant carried liability insurance is reversible error (*Simpson* v. *Foundation Co.*, 201 N. Y. 479), the Appellate Division in this department has permitted the impleader of a disclaiming insurance carrier (*Adelman Mfg. Corp.* v. *New York Wood Finisher's Supply Co.*, 277 App. Div. 1117; *Brooklyn Yarn Dye Co.* v. *Empire State Warehouse Corp., supra*). However, this still leaves the court discretion to dispose of the third-party complaint in the best interests of justice. Accordingly, the motion to dismiss under this section is also denied, but the action of John T. Kane against Indemnity Insurance Company of North America is severed so as to avoid any possible disclosure to the jury that the defendants in the first two actions are insured (*Remch* v. *Grabow, supra; Caserta* v. *Beaver Constr. Corp., supra*). Settle order on notice.