VICTOR MISTRETTA et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 30516.) — Judgment affirmed, with costs. All concur. (Appeal from a judgment for claimants on a claim for damage to property by grade crossing elimination.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. [201 Misc. 946.]

In the Matter of MICHAEL W. REAGAN, an Incompetent Person. MARY TABLONSKE, Appellant; WILTON A. BLOCK, as Committee of MICHAEL W. REAGAN, an Incompetent Person, et al., Respondents.— Order affirmed, without costs of this appeal to any party. All concur. (Appeal from an order granting the petition of the committee of the incompetent in a proceeding to discontinue payments out of an incompetent's estate.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

## (October 2, 1952.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER A. COCCO, Appellant.— Judgment of conviction and order affirmed. All concur. (Appeal from a judgment convicting defendant of the crime of grand larceny, second degree. The order denies a motion for a new trial.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

MABEL TAPLIN, as Executrix of LEE TAPLIN, Deceased, Plaintiff, v. EARL S. STEVENS, Defendant and Third-Party Plaintiff-Respondent. NEW ENGLAND INSURANCE COMPANY, Third-Party Defendant-Appellant. MABEL TAPLIN, Plaintiff, v. EARL S. STEVENS, Defendant and Third-Party Plaintiff-Respondent. NEW ENGLAND INSURANCE COMPANY, Third-Party Defendant-Appellant.— Order reversed on the law and facts, with $10 costs and disbursements, and motion granted, with $10 costs. Memorandum: While the third-party complaints sufficiently state a cause of action for indemnity against the third-party defendant, the trial of issues relating to the liability of the third-party defendant under its contract of insurance, with the issues in the tort actions, would undoubtedly be prejudicial to the third-party defendant. (*Caserta* v. *Beaver Constr. Corp.,* 197 Misc. 410; *Remch* v. *Grabow,* 193 Misc. 731.) Impleader under the circumstances here presented was improper and the motion by the third-party defendant to dismiss the third-party complaints should be granted without prejudice to the third-party plaintiff herein to bring a separate action against its insurer. (See Civ. Prac. Act, § 193-a, subd. 4; Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 201, n. 37.) All concur. (Appeal from an order denying a motion by the third-party defendant for dismissal of the complaint of defendant Stevens in each of the actions against said third-party defendant.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.