Chief Judge Conway.
Plaintiffs, owners of a dwelling house in Locust Valley, New York, brought action for property damages arising out of the alleged negligence of the defendants while operating a crane on plaintiffs’ front lawn for the digging of a cesspool. According to plaintiffs’ complaint, the defendants caused the crane to clamp onto the underground gas main which ran from the street through the front yard of the plaintiffs’ premises and into the dwelling house, causing a sudden inrush of gas under high pressure, through the gas main, resulting in an explosion which blew out the sides of the house and blew the house off its foundation. Defendant-respondent impleaded the third-party defendant (insurance company), alleging that the third-party defendant issued a policy of insurance under which it was obligated to indemnify the defendant-respondent if the latter were found liable to the plaintiffs. In its answer, the third-party defendant alleged, in effect, that the “ explosion” involved in the main action was not covered by the policy of insurance. The combined action was noticed for trial and a jury demanded. Thereupon, the third-party defendant, envisaging a trial which would be infected with prejudice, moved, under section 96 of the Civil Practice Act, to sever the main action from the third-party action.
Before reaching the question as to the propriety of the denial of the motion for a severance, we shall dispose of an incidental procedural question.
It is claimed that our court is without power to entertain the appeal because the motion for permission to appeal (which was made in the Appellate Division) was not timely made. The order of the Appellate Division with notice of entry thereof was served upon the third-party defendant on July 17, 1957. The motion papers for leave to appeal were served on September 5, 1957 — that being 49 days thereafter. Section 592 (subd. 2) of the Civil Practice Act was amended by chapter 274 of the Laws of 1957, effective September 1,1957, to provide that such motion *606 papers must be served within 30 days. The question, then, comes down to this: If the amendment were applicable here, the motion was not timely made.
It is well settled that statutes and amendments thereto, unless an intent to the contrary is clearly expressed, speak as of their effective dates and are to be construed as prospective only. The order of Special Term with notice of entry thereof had been served before the effective date of the amendment to section 592 (subd. 2) of the Civil Practice Act, and there can be no doubt that the amendment contains no clear expression of an intent that it should be applicable to prior orders. It, therefore, should be given prospective effect only (see Watkins v. Haight, 18 Johns. 138). Hence — the amendment not being here applicable — the motion for leave to appeal was timely made and we have the requisite power to entertain the appeal.
This brings us to the question certified by the Appellate Division, viz., “ Was the order of the Special Term properly made?” In the posture of the record we interpret this question to mean “ Did the Special Term abuse its discretion, as a matter of law, in denying the motion for a severance ? ” We think that it did.
The purpose of section 193-a of the Civil Practice Act, in pursuance of which the third-party defendant (insurance company) was brought into the case, was ‘ ‘ to avoid circuity of action ” (Matter of Valstrey Service Corp. v. Board of Elections, 2 N Y 2d 413, 416), to “ expedite the disposition of litigation ” (De Lany v. Allen, 200 Misc. 734, 737), and to nurture “ a speedy less expensive administration of justice” (Remch v. Grabow, 193 Misc. 731, 733). In order, however, to allow for the situation where the impleading of a given third party might be destructive of the ends of justice, a “ safety valve ” was built into the statute. Thus, under subdivision 4 of section 193-a of the Civil Practice Act, it is provided: “ The court, in its discretion, may dismiss a third-party complaint without prejudice to the bringing of another action, order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders concerning the proceedings, as may be necessary to further justice or convenience.” A further “check” on the impleader statute is section 96 of the Civil Practice Act, which provides for the severance of an action * ‘ whenever it can be done without prejudice to a substantial right.”
*607 The third-party defendant here, alleging — because it is an insurance company -and because the issues in both the main and third-party actions would be passed upon by the same jury —that it would be prejudiced, moved for a severance tinder section 96 of the Civil Practice Act.
It is difficult for one to suppose that the third-party defendant (insurance company.) here would not be subjected to some prejudice if both the main and third-party actions were to be tried before the same jury. (See Taplin v. Stevens, 280 App. Div. 960, De Lany v. Allen, 200 Misc. 734, 737, supra,) Bemch v. Gr'abow, 193 Misc. 731, 732-733, supra; Caserta v. Beaver Constr, Corp., 197 Misc. 410, 411-412; see, also, Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 201.) The questions involved in the plaintiffs’ action against the defendants (the main action) would be the claimed negligence of the defendants and the amount of damages sustained. The issue in the defendant-respondent’s action against the third-party defendant (the third-party action) would be whether there was coverage under the policy of insurance. At the very beginning of the trial, then, the jury would know that “ insurance ” Was involved in the case-. The following is illustrative Of the prejudice which might well be visited upon the third-party defendant as á consequence of such knowledge. The jury might be more disposed than Otherwise, if it saw fit to render a Verdict in favor of the plaintiffs (and especially if it chose to award a generous verdict), to resolve the question of -insurance coverage against the insurance company, or, if the jury saw fit to resolve the question of insurance coverage against the insurance company, knowing then that the insurance company (and not the defendant-respondent) would be ultimately liable, it might be more disposed than otherwise to render a verdict in favor Of the plaintiffs. It is not the fact of a jury trial which constitutes the basis for the claim of prejudice here, but it is the fact that the issues in both the main and third-party actions will be passed upon by the same jury.
It must be remembered that section 96 of the Civil Practice Act, in pursuance of which the third-party defendant (insurance company) moved for a severance here, permits of a severance ‘ ‘ whenever it can be done without prejudice to a substantial right.” We do not see how the granting of a severance here *608 could injure any party. It is true that the plaintiffs (if the main and third-party actions were to be tried before the same jury) would receive the benefit of any prejudice which might thereby be visited upon the third-party defendant. It is likewise true that the defendant-respondent (if both actions were to be tried before the same jury) would receive the benefit of any prejudice which might be visited upon the third-party defendant (in the sense that, for example, the jury might be more disposed than otherwise, in aid of a verdict for plaintiffs, to resolve the insurance coverage question against the insurance company and in favor of the defendant-respondent). Certainly such a “ benefit ” would not be a “ substantial right ” to which plaintiffs and defendant were entitled.
As we see it, then, the third-party defendant will be subjected to some prejudice if both the main and third-party actions are to be tried before the same jury. The basic question may be pointed up thus: Must an insurance company, which wishes to disclaim coverage under its policy of insurance, do so only at the price of subjecting itself to very probable prejudice (because, if it denies coverage, its insured will bring it into a pending action as a third-party defendant) f We think not — for the same reason that an insurance company is not allowed to be prejudiced in the ordinary negligence action, where the insurance company admits coverage and is, in effect, the real defendant.
The order of the Appellate Division should be reversed, without costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein. The question certified should be answered in the negative.
Judges Dye, Fuld, Froessel, Yah Yoorhis and Burke concur with Chief Judge Conway; Judge Desmond dissents and votes for dismissal of the appeal upon the ground that the question certified is one of discretion only.
Order reversed, etc.