Benjamin Brenner, J.
The third-party defendant, an insurance broker, moves to dismiss the complaint of the third-party plaintiff, John Scotti & Sons, Inc., an excavation contractor, for the reason that said third-party suit to recover for breach of contract is unrelated to and should not be tried together with an action to recover for personal injuries, brought against Scotti as one of five named defendants.
It is alleged in the pleading under attack that prior to the accident Scotti instructed the broker to obtain full coverage for the “ completed operations ”, which the broker agreed but failed to do. Plaintiff’s injuries having been sustained after completion of the job, Scotti’s insurance carrier refused to defend it or pay any judgment that should be obtained against it by plaintiff. The contractor thus claims in the proposed third-party suit to have been denied insurance coverage for plaintiff’s injuries due to the broker’s breach of contract and seeks indemnification from the broker for any judgment that may be obtained against it by the plaintiff in the main action.
The broker contends that the only issue before the court in the main action is whether the plaintiff sustained personal injuries as a result of the defendants’ negligence, which cause is not related in law or fact to the alleged breach of contract for insurance coverage, an issue which it is claimed is not authorized by the third-party practice provided by section 193-a of the Civil Practice Act.
Prior to the 1946 amendment of section 193-a there had to be an identity of issues between the third-party action and the main one (Nichols v. Clark, MacMullen & Riley, Inc., 261 N. Y. 118). However, the “ identity ” rule in Nichols (supra) relied upon by the broker, was abolished by the amendment (Discussion, Twelfth Annual Beport of N. Y. Judicial Council, 1946, pp. 203-208). Section 193-a of the Civil Practice Act states: “ The claim against such person, hereinafter called the third-party defendant, must be related to the main action by a question of law or fact common to both controversies, but need not rest upon the same cause or action or the same ground as the claim asserted against the third-party plaintiff ” (emphasis supplied).
It is, of course, well settled that a third-party action may be brought in a negligence suit against a disclaiming insurance carrier (Brooklyn Yarn Dye Co. v. Empire State Warehouses Corp., 276 App. Div. 611; Adelman Mfg. Co. v. New York Wood Finisher’s Supply Co., 277 App. Div. 1117), thus disposing of the contention that such suits are unrelated. And I perceive little distinction between a suit against a disclaiming insurance carrier and a suit against a broker for failure to effectuate *840 adequate insurance. Both such suits sound in contract and are equally ‘‘ related ’ ’ to the accident alleged to be covered by a contract of insurance.
Section 193-a of the Civil Practice Act was enacted ‘ ‘ to avoid circuity of action” (Matter of Valstrey Service Corp. v. Board of Elections, Nassau County, 2 N Y 2d 413, 416) and to 1 ‘ expedite the disposition of litigation ” (De Lany v. Allen, 200 Misc. 734, 737). However, a safety valve to inordinate third-party practice is provided by subdivision 4 of section 193-a of the Civil Practice Act: “ The court, in its discretion, may dismiss a third-party complaint without prejudice to the bringing of another action, order a separate trial of the third-party claim or of any separate issue thereof, or make such other orders concerning the proceedings as may be necessary to further justice or convenience.”
In the light of- the subdivision quoted and the situation here presented, a dismissal of the suit is not warranted quite apart from the contractor’s contention that a dismissal now will require it to await disposition of the main action before commencing its breach of contract suit and the possibility that the latter suit may be barred by the Statute of Limitations.
Nonetheless, a single trial would be prejudicial to defendants because the fact of liability insurance would become known by the very issue involved in the third-party suit, namely, the sufficiency of insurance coverage. (Taplin v. Stevens, 280 App. Div. 960; De Lany v. Allen, 200 Misc. 734, supra; Kelly v. Yannotti, 4 N Y 2d 603.) Hence the causes must be separately tried.
The motion is denied and separate trials directed, the third-party action to be tried immediately upon termination of the main action or at such time as the Trial Justice may decide.
Submit order in accordance herewith.