Michael Catalano, J.
Nationwide Insurance Company (herein called “Nationwide”), the third-party defendant, moves under (1) rule 106 of the Rules of Civil Practice, to dismiss the third-party complaint upon the ground that it fails to state a cause of action, and if denied, (2) rule 107, for its dismissal upon the ground that the third-party plaintiff, Arthur Fogelsonger (herein called “ Fogelsonger ”) does not have “ legal capacity ” to sue.
The third-party complaint alleges: That Nationwide issued a liability insurance policy to Fogelsonger numbered 66-91-259 covering his Pontiac automobile, effective November 21, 1958, whereby Nationwide agreed to pay certain coverage to third parties to whom Fogelsonger was legally liable in the operation of his Pontiac and also to defend him in any such action; that on said date, Fogelsonger operated his Pontiac resulting in an accident with an automobile owned and operated by Joseph R. Cook in Buffalo, New York; that Mary Cook, a passenger in the Cook car was injured, as was Joseph R. Cook; that Fogelsonger has performed all conditions on his part to be performed in said policy; that on July 3, 1959, a summons and complaint, copies of which are attached, were served on Fogelsonger alleging injuries to plaintiffs and damage to the Cook car; that Nationwide has disclaimed; that Nationwide may be liable over to Fogelsonger, who has incurred and will incur expenses defending said actions; that Nationwide is bound by its policy to pay all such damages and expenses of defense; wherefore, *339 Fogelsonger demands judgment against Nationwide for all sums recovered against him by the plaintiffs and for expenses incurred for his defense.
As to the motion under rule 106 of the Rules of Civil Practice, the allegations of the third-party complaint are deemed to be true (Van Orden v. Bartnett, 101 N. Y. S. 2d 1008, 1010) and they are sufficient. (See Remch v. Grabow, 193 Misc. 731, 732, cited with approval, Kelly v. Yannotti, 4 N Y 2d 603, 606; Kane v. Kane Ship Repair Corp., 202 Misc. 530, 531; Brown v. Fuller Co., 3 A D 2d 830.) Thus, the motion should be denied.
In support of the motion under rule 107, a certain affidavit is submitted, stating that said policy 66-91-259 contains the following:
“ 6. Action Against Company (Coverage E and F)
“No action shall lie against the Company (Nationwide), unless as a condition precedent thereto the Insured (Fogelsonger) shall have fully complied with all the terms of this policy, nor until the amount of the Insured’s obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured,Ahe claimant and the Company.
“ Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured’s liability.”
In opposition, the affidavits for Fogelsonger seek an immediate trial, with or without a jury, of the issues between him and Nationwide, stating, in effect, that Nationwide disclaims any liability under this policy.
Where questions of fact are presented by affidavits submitted under said rule 107, they should not be summarily decided, thereby depriving the parties of their right to a trial of those questions (Conklin v. Palisades Interstate Park Comm., 278 App. Div. 588) before ajury as guaranteed by our Constitution and not waived by the parties. (N. Y. Const., art. I, § 2; Finkel v. Finkel, 8 A D 2d 950.)
Section 193-a of the Civil Practice Act, entitled, “ Third-party practice; courts to which applicable ’ ’, provides, in part: “ 4. The court, in its discretion, may dismiss a third-party complaint without prejudice to the bringing of another action, order a separate trial of the third-party claim or of any separate *340 issue thereof, or make such other orders concerning the proceedings as may be necessary to further justice or convenience. In exercising its discretion the court shall consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice any party to the action. ’ ’
This “ safety valve ” was built into said section 193-a, which is intended to avoid circuity of action, expedite litigation, provide speedy less expensive justice. (Kelly v. Yannotti, 4 N Y 2d 603, 606, supra.)
Here, Nationwide will be subjected to some prejudice if both the main and third-party actions are to be tried before the same jury, therefore, a separate trial of each should be ordered. (Kelly v. Yannotti, 4 N Y 2d 603, 607, 608, supra.) Such an order would comply with the policy herein because, in effect, Nationwide would not be joined “as a co-defendant in any action against the Insured to determine the Insured’s liability.”
Thus, the motion under said rule 107 should be denied.
Motions under said rules 106 and 107 are denied, without costs; the main action and third-party action are severed, the latter is to be tried first before a separate jury; prepare and submit order accordingly.