John H. Pennock, J.
This is a motion by the third-party defendant for an order directing a severance of a third-party action and separate prosecution and trial of the action on the ground that the joint trial of these actions would be detrimental and result in undue prejudice to the third-party defendant. The first action was commenced by service of a summons and complaint on the defendants to recover damages for injuries allegedly sustained when the plaintiff fell on the premises owned by the defendants. Thereafter the defendants served a third-party summons and complaint naming the third-party defendant, American Motorists Insurance ¡Company, as a party. The answer to the third-party complaint contained an affirmative defense of improper notice of the accident. The defendants pray for a severance and separate trial on the grounds that the insurance coverage question will be placed ¡before the jury and will show there is, in fact, a liability insurance carrier present who could be held responsible for any damages. CPUS provides that in furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue. The court may order the trial of any claim or issue prior to the trial of the others. The third-party defendants claim some prejudice if both actions are tried together. It is the general rule that if severance will not injure any party, severance should properly be directed. However, in the instant case the plaintiff would be prejudiced at this point due to the tardiness of the defendant in making this motion. The case has been on the court calendar for several months and except for this motion would have been readied for trial. Therefore the court determines in the interest of justice that the main action and the third-party action be tried at the same time before the same jury. The Trial Justice can properly guide the proof during the course of the trial to avoid any prejudice to the third-party defendant. This court however places little significance on the fact that the jury shall have knowledge that a liability insurance carrier was present as pressed by the third-party defendant. This same issue comes before juries each day and with proper safeguards mistrials have been reduced to a bare minimum. It is true that the statute’s intent is to provide for greater flexibility and freedom for prompt administration of justice, however the *915 motion is grossly untimely. The third-party action was commenced July 18, 1963. This motion was not made until early 1965. The tardiness distinguishes the present case from the Kelly case cited by the third-party defendant. (Kelly v. Yannotti, 4 N Y 2d 603.) It failed to set forth any facts in respect to this defense. It is further determined that the affidavits of the moving party are inadequate to substantiate a granting of the motion.
There was no oral argument of this motion nor were the pleadings submitted for the court’s review. Therefore the court can only take the conclusory statements of the counsel in making this determination.
A motion for a separate trial of an issue should be made when it is established by the pleadings that there are issues to be tried and that one or more issues are required to be tried separately. (Hamm v. Richards, 12 A D 2d 953.) The precise point of time to make this motion is when the third-party answer is served and not several months later when the case is on the Trial Calendar with readiness rule complied with.
The third-party plaintiff to submit order in accordance with this decision. (CPLR 603,)