■ JOSEPH T. BONAVITA, Plaintiff, v. JOSEPH ENRIGHT et al., Defendants and Third-Party Plaintiffs-Respondents. AMERICAN MOTORISTS INSURANCE COMPANY, Third-Party Defendant-Appellant.— *Per Curiam.* Appeal by the third-party defendant from an order denying its motion for severance and separate trial of a third-party action. The main action was commenced by the plaintiff to recover damages sustained when he fell on the stairway of the premises of the defendants. The defendants then impleaded the third-party defendant insurance company, alleging that it had issued a policy of insurance under which it was obligated to indemnify the defendants if the latter were found liable to the plaintiff. The answer of the third-party defendant to the third-party complaint was dated July 18, 1963, and contained the affirmative defense that its policy required written notice of occurrence as soon as practical and that more than six months had elapsed before notice was given. CPLR 1010 authorizes a separate trial of a third-party claim and permits the court, in the exercise of its discretion, to "consider whether the controversy between the third-party plaintiff and the third-party defendant will unduly delay the determination of the main action or prejudice the substantial rights of any party." CPLR 603 authorizes the court "In furtherance of convenience or to avoid prejudice" to order a severance of claims, or a separate trial of any claim, or of any separate issue and further provides that the court "may order the trial of any claim or issue prior to the trial of the others." By notice of motion dated December 30, 1964, the third-party defendant moved for a severance of the third-party action. The motion was made on the ground that it would be subject to prejudice if both the main and third-party actions were tried before the same jury (*Kelly* v. *Yannotti*, 4 N Y 2d 603, 607). Special Term held that *Kelly* was inapplicable because of the third-party defendant's delay in making the motion. The case, however, had not been reached for trial; on the contrary the affidavit in opposition to the motion stated that it was "possible and probable that the case should be reached for trial during the March, 1965, Term." Thus a trial of separate issues could have been had as soon as the case was reached. The plaintiff did not appear and oppose the motion. The third-party plaintiffs' opposition to a severance based on delay in making the motion is entitled to consideration but we find it not to be controlling in view of the prejudice to which the third-party defendant would be subjected by denial of its motion. "No time limitation is fixed in CPLR 603 for making such a motion. Any question of undue delay is merely one of the considerations in determining

whether relief should be granted." (*Schneph* v. *New York Times Co.*, 21 A D 2d 599, 601.) Special Term also stated that the pleadings were not submitted for the court's review. While the record does not contain the plaintiff's complaint and the defendants' answer to that complaint, the third-party complaint and the answer of the third-party defendant demonstrate that a triable issue exists as to whether notice was given "as soon as was reasonably possible" pursuant to section 167 (subd. 1, par. [d]) of the Insurance Law. It was stated also that the affidavit of the moving party was inadequate. But the affidavit in opposition to the motion adopts the statement of facts in the moving affidavit and, moreover, whether one or more issues are required to be tried separately before the remaining issues are tried is established by examination of the pleadings. Order reversed, on the law and the facts, and in the exercise of discretion, without costs, and third-party action severed and separate trial directed. Settle order. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur. [46 Misc 2d 913.]