**REXCO INDUSTRIES, INC., Plaintiff,**
.v.
**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY,**
Defendant.

Civ. No. 50–71.

United States District Court,
D. Puerto Rico.
May 5, 1971.

F. Ruiz Suria, San Juan, P. R., for plaintiff.

Antonio Montalvo, San Juan, P. R., for defendant.

MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

Plaintiff Rexco Industries, Inc. ("Rexco") has filed an action for declaratory judgment invoking 28 U.S.C. 1332 and 2201. According to the complaint, the matter in controversy exceeds the value of $10,000 exclusive of interest and

costs, and plaintiff and defendant Commercial Insurance Company of Newark, New Jersey ("Commercial Insurance") are citizens of different states. Hence, there is no question as to the Court's jurisdiction.

Rexco seeks that this Court declares the respective rights and obligations of Rexco and Commercial Insurance under the terms of a certain contract of insurance issued by the latter to the former. Specifically, Rexco wants this Court to decide a dispute as to insurance coverage under said policy that has arisen between the parties that is related to a certain damage action now pending against Rexco in the United States District Court for the Southern District of New York based on an accident that occurred in Puerto Rico. Commercial Insurance is not a party in the New York action.

Commercial Insurance has filed a motion to dismiss the Complaint. In essence, it alleges that the Complaint fails to entertain a cause of action in favor of Rexco because no controversy is present between the parties that could not be settled by the action pending in the Southern District of New York. For the reasons below, the motion to dismiss is denied.

The pendency of an action by the injured party against the insured, as is the case here, does not preclude that the question of coverage be determined by way of a declaratory judgment in a separate action. The right to a declaratory judgment notwithstanding the existence of the other action has been recognized by the Court of Appeals for the First Circuit in Maryland Casualty Co. v. United Corporation, 111 F.2d 443 (1st Cir.). Like here, in *Maryland Casualty* there was an action pending against the insured for negligence; nevertheless, the Court held that the declaratory judgment action was proper and could be maintained. At page 446, the Court of Appeals stated the following:

"But in the case at bar the pending suit in the state court will determine only the liability of the Assured for negligence; it will not determine whether the insurer had any obligation to defend or whether the insurer is obligated to indemnify the Assured. Under such circumstances it has been held, we think rightly, that the application of an insurer for a declaratory judgment cannot be denied as a matter of discretion. Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514, 515, 516."

The fact that in *Maryland Casualty, supra,* the declaratory judgment action was filed by the insurance company makes no difference as the same principle applies if the action is sought by the insured. Sears, Roebuck and Co. v. American Mutual Liability Insurance Co., 372 F.2d 435 (7th Cir.); Sears, Roebuck and Co. v. Zurich Insurance Company, 422 F.2d 587 (7th Cir.).

The defense of Rexco in the Southern District action is in the hands of attorneys designated by Commercial Insurance, in accordance with the insurance contract. The fact that at the same time Commercial Insurance is claiming the possibility of non-coverage presents a conflict of interests situation with respect to that action that should be resolved as soon as possible by the declaratory action that Rexco has initiated here. Otherwise, Rexco's rights and interests may be seriously impaired. Furthermore, the determination of the rights and obligations of the parties under the insurance contract are governed by the laws of Puerto Rico. Maryland Casualty Company v. San Juan Racing Association, 83 P.R.R. 538; Restatement of Conflict of Laws, Secs. 318, 346.

The controversy as to coverage that has arisen and exists between Rexco and Commercial Insurance is not at issue in the New York action. Although Commercial Insurance has suggested that Rexco could bring Commercial Insurance as a third party defendant in that case, it seems this would not be an adequate remedy, if at all possible, in the New York district court. Bona-

**960**

vita v. Enright, 25 A.D.2d 472, 266 N.Y.S.2d 192 (3rd Dept. 1966); Kelly v. Yannotti, 4 N.Y.2d 603, 176 N.Y.S.2d 637, 152 N.E.2d 69 (1958). Green v. Shepherd Construction Co., 46 F.R.D. 434 (N.D.Ga.1969).

The cases cited by Commercial Insurance are no authority for its proposition that the Complaint should be dismissed. On the contrary, one of such cases, Stout v. Grain Dealers Mutual Insurance Company, 307 F.2d 521 (4th Cir. 1962) is rather adverse. The *Stout* case stands for the proposition that Rexco maintains to the effect that Commercial Insurance cannot effectively defend Rexco in the New York action and at the same time urge lack of coverage under the insurance policy.

The circumstances of this case demonstrate that this action should be maintained and the issues raised by the Complaint decided by this Court. Accordingly, defendant's motion to dismiss is hereby denied.