ISABELLA BRIDGER, Individually and as Administratrix of the Estate of JAMES E. BRIDGER, Deceased, Plaintiff, v. JOHN J. DONALDSON et al., Defendants. TENEDINE & SONS, INC., Third-Party Plaintiff-Respondent, v. MERIT TRUCK LEASING CO., INC., Third-Party Defendant-Appellant.—

Concur — Stevens, P. J., Capozzoli and McGivern, JJ.; Kupferman and McNally, JJ., dissent in the following memorandum by McNally, J.: I dissent and vote to modify the order to the extent of ordering a severance of the third-party action on the grounds that (1) a joinder was prejudicial as a matter of law (*Strauss* v. *Bennett Bros. Corp.*, 27 A D 2d 528), and (2) the third-party plaintiff was guilty of gross laches

in making the application (see *Schneph* v. *New York Times Co.*, 21 A D 2d 599, 601). In this wrongful death action, the third-party defendant Merit, appeals from the order denying its motion to dismiss the third-party action instituted against it more than five years after the commencement of the case in chief. On February 18, 1965, plaintiff commenced an action against various parties for personal injuries and death arising out of a motor vehicle accident. Pretrial proceedings were completed and the matter was set down in March of 1970 for trial assignment in the September 1970 Term. In May, 1970, the defendant Tenedine commenced a third-party action against Merit. The basis for the third-party action is that the third-party defendant, lessor of the truck to Tenedine, had breached an agreement to provide liability insurance for the vehicle and, therefore, would be liable to Tenedine for any damages recovered against it. In my judgment, it was error to deny the motion *in toto*. There is nothing in the nature of the asserted third-party claim to impede its adequate presentation after the determination of the main action. On the other hand, presentation before the same jury of the third-party complaint with the main action must, of necessity be prejudicial to the third-party defendant. The trial of liability issues with issues as to insurance coverage before the same jury has consistently been held to be prejudicial. (*Kelly* v. *Yannotti*, 4 N Y 2d 603, 607.) In that case, the court held: "It is difficult for one to suppose that the third-party defendant (insurance company) here would not be subjected to *some* prejudice if both the main and third-party actions were to be tried before the *same* jury. (See *Taplin* v. *Stevens*, 280 App. Div. 960; *De Lany* v. *Allen*, 200 Misc. 734, 737, *supra*; *Remch* v. *Grabow*, 193 Misc. 731, 732–733, *supra*; *Caserta* v. *Beaves Constr. Corp.*, 197 Misc. 410, 411–412; see, also, Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 201.) The questions involved in the plaintiffs' action against the defendants (the main action) would be the claimed negligence of the defendants and the amount of damages sustained. The issue in the defendant-respondent's action against the third-party defendant (the third-party action) would be whether there was coverage under the policy of insurance. At the very beginning of the trial, then, the jury would *know* that 'insurance' was involved in the case. The following is illustrative of the prejudice which might well be visited upon the third-party defendant as a consequence of such knowledge. The jury might be more disposed than otherwise, if it saw fit to render a verdict in favor of the plaintiffs (and especially if it chose to award a generous verdict), to resolve the question of insurance coverage against the insurance company, or, if the jury saw fit to resolve the question of insurance coverage against the insurance company, knowing then that the insurance company (and not the defendant-respondent) would be ultimately liable, it might be more disposed than otherwise to render a verdict in favor of the plaintiffs. It is not the fact of a *jury* trial which constitutes the basis for the claim of prejudice here, but it is the fact that the issues in both the main and third-party actions will be passed upon by the *same jury*." (See, also, *Taplin* v. *Stevens*, 280 App. Div. 960; *Sarica* v. *City of New York*, 24 A D 2d 1010; *Bonavita* v. *Enright*, 25 A D 2d 472.) Further, there has been gross laches in this application. The question of undue delay is one of the considerations in determining whether relief should be granted. (*Schneph* v. *New York Times, Co., supra*.) The more than five-year delay in beginning the third-party action after pretrial proceedings were finished, in my judgment, would be sufficient to warrant a severance.