■ RUTH C. HARRIS, Respondent, v BILL J. MANOS et al., Defendants and Third-Party Plaintiffs-Respondents. J. B. TRUE COMPANY, INC., Third-Party Defendant-Appellant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Crew III, J.), entered January 2, 1991 in Chemung County, which denied third-party defendant's motion to sever the primary action from the third-party action.

Plaintiff instituted this negligence action to recover damages for personal injuries allegedly sustained when she fell down steps on premises owned by defendant Bill J. Manos and leased to defendant 118 College Avenue Enterprises, Inc. Upon learning that they had no liability insurance coverage for the premises, defendants commenced a third-party action against J. B. True Company, Inc., a local insurance agency, seeking to be indemnified for any verdict plaintiff might obtain against them in the primary action. The essence of the third-party action is that third-party defendant neglected to provide liability insurance coverage for the premises as had been requested. When its subsequent motion for severance of the primary action and the third-party action pursuant to CPLR 603 was denied, third-party defendant appealed.

To warrant reversal, third-party defendant is obliged to demonstrate that Supreme Court's refusal to sever the actions was an abuse of discretion or that it prejudiced a substantial right *(see, DeCongilio v Greenman,* 125 AD2d 535, 536; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509). Those conditions have not been shown. Significantly, the third-party suit involves an insurance agency, not an insurance company, and at issue is not the construction of an insurance policy or the extent of its coverage, as is true in so many instances, but simply whether the

agency negligently failed to procure liability insurance for defendants *(see, Bridger v Donaldson, 36 AD2d 915, affd 29 NY2d 769; cf., Transamerica Ins. Co. v Tolis Inn, 129 AD2d 512, 513; Dreizen v Morris I. Stoler Inc., 98 AD2d 759; Krieger v Insurance Co., 66 AD2d 1025, 1026).* Although this issue is distinct from the issue raised in the main action, specifically whether defendants were negligent in maintaining the premises, common principles of negligence law permeate both actions *(see, Huttick v Biograph Realty Corp., 37 AD2d 597).*

Moreover, there is no evidence that these actions are so complex that the jury will be unable to treat the issues separately *(see, Hoff v State Farm Ins. Co., 48 AD2d 1001).* And, as observed by the majority in *Bridger v Donaldson (supra,* at 915), "[t]he fact that the obligation allegedly owed by the third-party defendant was in the nature of a promise to obtain an insurance policy for the benefit of the third-party plaintiff does not in any way violate the cases cited in the dissent [which hold that, where insurance companies are involved, the trial of liability issues with issues as to insurance coverage before the same jury is prejudicial]" *(see, Kelly v Yannotti, 4 NY2d 603, 607; compare, N. & E. Greenberg's Sons v Peter Pan Fur Co., 33 Misc 2d 453; Thornton v City of New York, 20 Misc 2d 838, 840).*

Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the order is affirmed, with costs.